IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUANE BERNING AND LETA BERNING,

    Plaintiffs,

vs.                                                Case No. 11-2359-EFM

CROP PRODUCTION SERVICES, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiffs' Motion to Remand to State Court (Dkt. No. 10). For the following reasons, the court denies the motion.

**I. Background**

Plaintiffs filed this action against defendant Crop Production Services, Inc., (CPS) on May 27, 2011, alleging damages to their property caused by alleged contact with chemicals. In the Original Petition, plaintiffs claimed their "damages directly and proximately caused by defendant's negligence are in excess of $75,000 for which plaintiffs are entitled to judgment against defendant." Dkt. No. 1, Ex. 1, para. 6. On June 27, 2011, CPS removed the case to this court under 28 U.S.C. § 1332 because CPS and plaintiffs are citizens of different states and "the amount in controversy exceeds $75,000." Dkt. No. 1, para. 12. Thereafter, on July 13, 2011, plaintiffs filed a Motion to Amend Complaint (Dkt. No. 9) seeking leave of court to reduce their alleged damages from "in excess of $75,000" to $68,000. Plaintiffs also filed the present motion arguing "the jurisdictional

requirements of 28 U.S.C. § 1332 are not present." Dkt. No. 10, pg. 1. Magistrate Judge James P. O'Hara granted plaintiffs' Motion to Amend Complaint (Dkt. No. 17).

## II. Legal Conclusions

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a) (2006). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)). Here, plaintiffs' Original Petition in state court alleged damages "in excess of $75,000." Dkt. No. 1, Ex. 1, para. 6. Further, defendant's Notice of Removal noted that plaintiffs' petition alleged "the amount in controversy exceeds $75,000." Dkt. No. 1, para. 12. Thus, it is undisputed that the $75,000 amount-in-controversy requirement of § 1332(a) was satisfied at the time of removal. The remaining issue is whether the court should remand this case to state court on the basis that plaintiffs' amendment reducing the amount in controversy to $68,000 deprives this court of diversity jurisdiction.

The Supreme Court addressed this issue in *St. Paul Mercury Indemnity Co. v. Red Cab Co.* 303 U.S. 283 (1938). The Court stated that when, as in that case, "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the court of jurisdiction." *Id.* at 292. The district court's jurisdiction attaches at the time of removal, thus, post-removal events "which reduce the amount recoverable, whether beyond the plaintiff's control of the result of his volition, do no oust the district court's

jurisdiction. *Id.* at 292. In reaching that conclusion, the Court explained:

> We think this well established rule is supported by ample reason. If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim . . . fixes the right of the defendant to remove, and the plaintiff ought not be able to defeat that right and bring the cause back to state court at his election.

*Id.* at 294. Therefore, under *St. Paul* and its progeny it is well settled that the district court's diversity jurisdiction attaches at the time of removal and cannot be divested if plaintiff later amends the complaint to reduce the amount in controversy. *See* 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3702.4 (4th ed. 2011) (citing an abundance of case law supporting this proposition); *see also Meira v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing."); *Farms v. Great Am. Ins. Co.*, No. 10-2301, 2010 WL 4024599, at *2 (D. Kan. Oct. 13, 2010) ("After removal, plaintiffs cannot oust the court's subject matter jurisdiction by stipulation, affidavit or amending their pleadings to reduce the jurisdictional amount."); *Hehner v. Bay Transp., Inc.*, No. 09-2141, 2009 WL 1254442, at *1 (D. Kan. May 5, 2009) ([E]vents occurring subsequent to the removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached."); *Ambrose Packaging, Inc. v. Flexsol Packaging Corp.*, No. 04-2162, 2004 WL 2075457, at *2-3 (D. Kan. Sept. 16, 2004) ("It is clearly established, then, that plaintiff cannot divest this court of jurisdiction by a post-removal amendment to the complaint that reduces the amount in controversy below the jurisdictional amount.").

In this case, as noted above, this court's jurisdiction attached at the time defendant filed its Notice of Removal. And, it is clearly established that plaintiffs may not divest this court of

jurisdiction by subsequently amending the Complaint to reduce the amount in controversy below the § 1332 jurisdictional amount. Accordingly, plaintiffs' Motion to Remand to State Court (Dkt. No. 10) is denied. *See St. Paul Mercury Indemnity Co.*, 303 U.S. at 296 ("On the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court and a reduction of the amount claimed after removal, did not take away that privilege.").

IT IS ACCORDINGLY ORDERED this 23rd day of August 2011, that plaintiffs' Motion to Remand to State Court (Dkt. No. 10) is DENIED.

*/s/ Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE